### BOGOPOLER REALTY CO. v. SCHWARTZMAN et al.

(Supreme Court, Appellate Term. June 3, 1908.)

Courts—Municipal Courts—Mechanics' Liens—Process—Service and Return.

In an action brought in the Municipal Court to establish a mechanic's lien, Municipal Court Act, Laws 1902, p. 1502, c. 580, § 37, providing that the return day of a summons must not be more than 12 days from its date, and that the same must be served at least 6 days before time of appearance, controls, and not Code Civ. Proc. § 3404, providing that where an action to enforce a mechanic's lien is brought in a court not of record the summons must be returnable not less than 12 nor more than 20 days after the date thereof, and that service must be made at least 8 days before the return day.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by the Bogopoler Realty Company against Charles Schwartzman, otherwise known as "John" Schwartzman, and another. Judgment for defendants, and plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and GREENBAUM, JJ.

Benjamin Patterson, for appellant.
Charles S. Rosenthal, for respondent Kleinman.

GREENBAUM, J. The complaint in this action was dismissed upon motion of the defendants, upon the ground that the summons was returnable in less than 12 days, and that less than 8 days' service thereof was made. The action was brought in the Municipal Court

to establish a mechanic's lien, and the only question to be determined upon this appeal is whether the provisions of the Municipal Court act regarding the date of return and the service of the summons in such an action, which provides that the return day must not be more than 12 days from its date, and, except in cases where an order of arrest is issued, must be served at least 6 days before the time of appearance (Municipal Court Act, Laws 1902, p. 1502, c. 580, § 37), or whether the provisions of section 3404 of the Code of Civil Procedure, that a summons in an action to enforce a mechanic's lien in a court not of record must be returnable not less than 12 nor more than 20 days after its date, and must be served at least 8 days before the return day, are to govern.

Both sides to this controversy concede that prior to the passage of chapter 580, Laws 1902, known as the "Municipal Court Act," a plaintiff, seeking to enforce a mechanic's lien either in the old district court or any other court in the state, not of record, which had jurisdiction to entertain such an action, was obliged to resort to the procedure laid down in chapter 23, tit. 2, of the Code of Civil Procedure, of which section 3404 is a part. Chapter 580 of the Laws of 1902, did not create a new court (Worthington v. London G. & A. Co., 164 N. Y. 81, 58 N. E. 102), but was intended to revise, codify, and consolidate all the previous statutes governing the Municipal Court, and to continue such court under a new name, with all its former powers and such extended jurisdiction and other methods of practice as was deemed essential to an increased usefulness and to meet the large amount of business transacted therein. We must assume that, where the Legislature inserted into that act new provisions extending or enlarging or limiting the jurisdiction of that court, it intended that the rules laid down in the act itself for the enforcement of those provisions should be applicable to such new enactments, equally with those contained in the former statute and continued in the act, unless an intent to do otherwise is expressly declared or plainly indicated therein. In the Municipal Court act the Legislature inserted a new subsection (subdivision 11, § 1), which subdivision confers jurisdiction upon that court in express words as follows:

"An action to enforce a mechanic's lien on real property in which the court shall have power to render judgment for the sum due, and to declare the amount a valid lien against the interest of the defendant in the property described in the complaint, at the time of the filing of the lien, where the amount does not exceed $500, exclusive of interest and costs, but said court cannot render judgment for the foreclosure and sale of the property."

No reference is made in this subdivision, nor elsewhere in the act, to chapter 23, tit. 3, of the Code. In the next subdivision, however, in which jurisdiction is conferred upon the Municipal Court to entertain summary proceedings, reference is made to the provisions of the Code, and it is declared in that subdivision that the jurisdiction of the court is "under title 2 of chapter 17 of the Code of Civil Procedure," thus indicating that the procedure in summary proceedings in a Municipal Court must conform with those laid down in that chapter of the Code. The omission to refer to chapter 23, tit. 3, of the Code, is therefore significant. It would seem that if the Legislature

intended that the Code provisions should apply, rather than those of the Municipal Court act, they would have so indicated by direct reference thereto. It must also be noted that the Municipal Court act provides that an action in that court must be commenced by the service of a summons (section 26), and that the process of the court is limited to the territory embraced in the city of New York (section 9), while by the provisions of section 3404 of the Code an action must be commenced by service of a summons and a complaint, "verified," etc., and that such summons can be served "anywhere in the state." The provisions of sections 9 and 26 of Municipal Court act are therefore in conflict with the provisions of section 3404 of the Code, and in that respect the provisions of the Municipal Court act must control. Section 20, Municipal Court Act. It follows that the practice as set forth in the Municipal Court act must be followed in that court in actions of which that court has jurisdiction, unless the act itself clearly indicates by reference to the code provision that the practice set forth in the Code is to be adopted.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.